**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JON EBRAHIMIAN,**<br>**Petitioner,**<br>**v.**<br>**WARDEN**, *Adelanto ICE Processing Center*, **et al.,**<br>**Respondents.** | **NO. 5:26-cv-04058-KS**<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

**BACKGROUND**

Before the Court is a Petition for Writ of Habeas Corpus by a person in Federal custody brought under 28 U.S.C. § 2241 ("Petition") filed by Petitioner's retained counsel on July 21, 2026. (Dkt. No. 1.[1]) Petitioner is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center ("Adelanto"). (*Id.* ¶¶ 4, 13, 37-39, 43.) Petitioner is a native and citizen of Iran who entered the United States in 2002. (*Id.* ¶¶ 13, 17, 18.) On November 22, 2002, an immigration judge in Los Angeles ordered Petitioner's removal and Petitioner's subsequent appeal was denied by the Board of Immigration Appeals ("BIA"). (*Id.* ¶¶ 21, 27.) In 2003, after the immigration judge's decision and while the appeal was pending before the BIA, the United States Citizenship and

[1] The Court's document and page citations refer to the document and page numbers provided by its CM-ECF docketing system; the page numbers appear near the upper right corner of each page.

Immigration Services approved a Form I-730 Refugee/Asylee Relative Petition filed by Petitioner's father on Petitioner's behalf, granting Petitioner asylee status. (*Id.* ¶¶ 22, 23.)

Although Petitioner's custodial status between 2002 and 2011 is unclear from the parties' filings, it appears that Petitioner was out of custody on an order of supervision from September 28, 2011, to June 2026, at which time Petitioner was arrested while boarding a domestic flight at Los Angeles International Airport. (*Id.* ¶¶ 3, 4, 31, 31.) Petitioner has remained detained at Adelanto since his June 2026 arrest. (*Id.* ¶¶ 4, 9.)

The Petition raises two claims challenging Petitioner's detention. (*Id.* at 16-17.) The Petition seeks Petitioner's immediate release from ICE detention or, in the alternative, "a hearing at which Respondents bear the burden of establishing by clear and convincing evidence that his continued detention is lawful and warranted." (*Id.* at 17-18.)

On July 21, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("GO 26-05 Notice"). (Dkt. No. 5.) The GO 26-05 Notice directed "Respondents to show cause why the writ of habeas corpus should not be granted." (*Id.* at 1.) More specifically, the GO 26-05 Notice required Respondents to "file a notice of appearance within 3 calendar days" and "file an answer to the habeas petition no later than 7 days . . . ." (*Id.* at 2.)

On July 25, 2026, the parties consented to have this case proceed before a Magistrate Judge for all purposes, including the entry of judgment. (Dkt. No. 8.)

On July 28, 2026, Respondents filed an Answer to the Petition. (Dkt. No. 7.) In the Answer, Respondents state that they "are not presenting an opposition argument at this time" and represent that "[s]hould the Court enter relief, judgment may be entered, and consistent

with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.* at 2.)

On September 21, 2026, Petitioner's counsel filed a Notice that the Petition is fully briefed. (Dkt. No. 9.) The matter is now submitted for decision.

**DISCUSSION**

28 U.S.C. section 2241 provides, in pertinent part, that a writ of habeas corpus extends to individuals who are in custody "under or by color of the authority of the United States or [are] committed for trial before some court thereof" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Furthermore, 28 U.S.C. section 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" and that such an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Additionally, "[i]n our adversarial system of adjudication, we follow the principle of party presentation" such that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Moreover, "as a general rule, our system is designed around the

premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (citation, internal quotation marks, and brackets omitted). Indeed, "[c]ourts are essentially passive instruments of government" and they "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* at 376 (citation and brackets omitted).

Here, the GO 26-05 Notice issued on July 21, 2026 directed Respondents to show cause within seven days why the Petition should not be granted by filing an Answer to the Petition. (Dkt. No. 5 at 1-2.) Although Respondents did file a timely Answer, Respondents *did not* show cause "why the writ of habeas corpus should not be granted" but instead affirmatively represented that they "are not presenting an opposition argument at this time." (Dkt. No. 5 at 1; Dkt. No. 7 at 2.) Consequently, as it *does not* appear from the face of the Petition that Petitioner "is not entitled" to relief, and the time to show cause has passed with none having been shown, the Court finds that it may now "forthwith award the writ." 28 U.S.C. § 2243; *Sineneng-Smith*, 590 U.S. at 375-76.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the unopposed Petition. A writ of habeas corpus shall issue and Respondents are **ORDERED** to **IMMEDIATELY RELEASE Petitioner JON EBRAHIMIAN [A-FILE NO. 097-100-524]** from custody subject to the same conditions that Petitioner was subject to on the order of supervision prior to the time Petitioner was arrested and detained. Respondents shall also return all property confiscated from Petitioner (if any) during Petitioner's arrest and processing. **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

**IT IS SO ORDERED.**

DATE: September 30, 2026

Karen L. Stevenson

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE